# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **GERALET M. WOLFE**, | ) |
| | ) |
| Petitioner, | ) Case No. 7:07CV00249 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Geralet M. Wolfe, Petitioner Pro Se; Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia.*

Geralet M. Wolfe, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Respondent filed a Motion to Dismiss and Wolfe responded, making the matter ripe for disposition. Upon review of the record, I find that the Motion to Dismiss must be granted.

I

The petitioner pleaded guilty on April 24, 2006, pursuant to a written plea agreement, to one count of conspiring with her husband, David VanBuren Wolfe, to possess with intent to distribute and to distribute cocaine base. The Plea Agreement reads, in pertinent part: "I agree not to collaterally attack the judgment and/or sentence imposed in this case and waive my right to collaterally attack, pursuant to

[28 U.S.C.A. § 2255], the judgment and any part of the sentence imposed upon me by the court." On August 22, 2006, I sentenced Mrs. Wolfe (hereinafter "Wolfe") to 71 months imprisonment on this offense.[1] In exchange for her guilty plea, the government moved for dismissal of two additional counts that charged her with distribution of controlled substances. Wolfe did not appeal her conviction or sentence.

In May 2007, Wolfe filed this § 2255 action, raising claims that counsel was ineffective in advising her to plead guilty. The court stayed the action and granted Wolfe an opportunity to particularize her claims. She filed an additional brief, and the court directed the government to respond. Counsel for the government filed a Motion to Dismiss, arguing that pursuant to a provision in her plea agreement, Wolfe waived her right to bring any challenge to her conviction or sentence under § 2255.[2]

Liberally construed, Wolfe's § 2255 motion as amended alleges the following grounds for relief:

---

[1] Wolfe also received a 46-month sentence of imprisonment for violating her supervised release related to a previous federal conviction.

[2] The government's waiver analysis did not include any argument concerning the petitioner's claims that counsel's ineffective assistance rendered invalid her guilty plea and implicitly, her waiver of § 2255 rights as well. *See United States v. Lemaster*, 403 F.3d 216, 222-23 (4th Cir. 2005) (addressing petitioner's claims of ineffective assistance bearing on the validity of the guilty plea before dismissing § 2255 as waived pursuant to plea agreement).

- 2 -

1. Counsel failed to subject the government's case to a meaningful adversarial challenge by failing to investigate the loss of a tape recording of a drug deal that included the petitioner;

2. Counsel failed to file an alibi defense, based on the fact that the petitioner was not heard on the tape recording of the drug deal on which the indictment was based;

3. Counsel failed to investigate discrepancies in the weight and quantity of the drugs on which petitioner's guideline range was calculated and the petitioner asserts that this evidence demonstrated her innocence;

4. Counsel placed improper pressure on the petitioner to plead guilty;[3] and

5. Before the plea, counsel provided the petitioner with misinformation about sentencing that rendered her guilty plea unknowing and therefore invalid.

---

[3] Wolfe's allegations in support of this claim are as follows:

Counsel should not have advised petitioner to sign a guilty plea if petitioner wanted to go to trial based on the discrep[ancies] in this case. The unprofessional errors in determining the guidelines for sentencing [persuaded] petitioner to plead guilty, because it was assumed from information received from counsel it would be better not to go to trial.

There was also a rush to plea with prosecution regardless of the input of the petitioner. This case was handled poorly by counsel, there were no corrections nor any attempts of corrections of the discrep[ancies] even after meetings with counsel.

II

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *Lemaster*, 403 F.3d at 220. Whether the waiver is "knowing and intelligent" depends "'upon the particular facts and circumstances surrounding [its making], including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). When petitioner alleges that ineffective assistance of counsel caused the guilty plea itself to be unknowing or involuntary, analysis of such claims must be part of the court's inquiry into the validity of the guilty plea and the plea agreement waiver of § 2255 rights. *See, e.g., Lemaster*, 403 F.3d at 221-22; *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir.1999) ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement [waiving § 2255 rights] cannot be barred by the agreement itself—the very product of the alleged ineffectiveness."). *See also Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985) (finding that court may address ineffective assistance claims bearing on validity of guilty plea, even concerning matters that would ordinarily be waived by entry of plea).

The court's waiver analysis must focus first on the petitioner's statements during the plea hearing. "[I]n the absence of extraordinary circumstances, the truth

of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22. If the court determines that petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. *Id.* at 220 (internal quotations omitted). After determining that statements made during the plea hearing indicated that petitioner had entered a valid guilty plea and waiver of his § 2255 rights, the court in *Lemaster* addressed petitioner's ineffective assistance claims only to the extent that they had some alleged bearing on the validity of the plea. *Id.* at 222-23. The court found that petitioner's allegations contradicted his sworn statements at the plea hearing and, accordingly, upheld the validity of the § 2255 waiver and dismissed all claims as waived. *Id.* at 223. In other cases, however, determining the validity of the § 2255 waiver will require addressing on the merits petitioner's claims that ineffective assistance caused her plea to be invalid in some respect.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*,

- 5 -

466 U.S. 668, 687 (1984). First, petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. Petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689.

Second, to show prejudice, petitioner must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. When petitioner alleges that counsel's error led him to enter an invalid guilty plea, he can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. If it is clear that petitioner has not satisfied one prong of the *Strickland/Hill* test, the court need not inquire whether he has satisfied the other prong. *Strickland*, 466 U.S. at 697.

III

A. WOLFE'S VALID GUILTY PLEA AND WAIVER

Before accepting Wolfe's guilty plea on April 24, 2006, I questioned her to ensure that her plea was knowing and voluntary. I first advised Wolfe that it was important for her to understand the court's questions and if she wanted to talk with

- 6 -

her attorney about anything, she should tell me. In response to my questioning, Wolfe indicated that she understood that her answers were under oath and that she could be prosecuted for perjury if she failed to tell the truth. She indicated that she was forty-two years old and had attended school until the eleventh grade. She stated that although she had received treatment in the past for depression and substance abuse, she was not currently under the influence of alcohol or drugs and had no current health problems.

Wolfe affirmed that she had initialed each page of her plea agreement and had signed it, indicating that she had read and understood its terms. She also indicated that she had had adequate time to discuss the indictment, the case, and the plea agreement with counsel and that she was fully satisfied with counsel's representation. She indicated that she understood the terms of the plea agreement as summarized by the prosecutor, including the provision by which she stipulated that her base offense level under the sentencing guidelines would be 22. I specifically asked Wolfe if she understood the provisions waiving her right to appeal and her right to bring a collateral attack under § 2255 and she indicated that she did. She denied that anyone had tried in any way to force her to plead guilty and indicated her understanding that the sentence she received might be greater than any estimates her attorney might have given her.

I reviewed the rights Wolfe was waiving by pleading guilty, explained in detail the elements of the charge that the government would have to prove if she went to trial, and heard a summary of the evidence in support of the plea. When asked about her conduct that made her guilty of the charge, Wolfe stated that with her husband, she was a "participant in the activity" of the buying and selling of crack cocaine alleged in the indictment and stipulated that she knew what her husband was doing, on one occasion traveled with him to Knoxville to procure crack cocaine, and on one occasion, participated in a controlled buy. However, she disputed other facts recited by the prosecutor in support of her husband's guilty plea and would not stipulate to possessing drugs at the time of her arrest or to participating in numerous sales. Finally, she stated that she had no questions of the court or counsel, and pleaded guilty to Count One of the Indictment. I find now, as I did at the plea hearing, that Wolfe's guilty plea and the waivers of her right to appeal and her right to bring this collateral attack under § 2255 were knowing and voluntary and therefore valid.

### B. COUNSEL'S ALLEGED ERRORS

Wolfe asserts that her counsel's alleged failings in this case caused her guilty plea and her waiver of § 2255 rights to be unknowing and invalid. Her claims, however, are based on assertions that are directly contradicted by her statements to the court. She stated that she was fully satisfied with counsel's representation and did

- 8 -

Case 7:07-cv-00249-JPJ-mfu   Document 8   Filed 11/15/07   Page 8 of 10   Pageid#: 75

not mention any defense or evidence that counsel had failed to investigate before advising her to accept the plea agreement. Wolfe expressly stated that no one had "forced" her to plead guilty and affirmed her understanding that her sentence might be higher than counsel's estimates. Because her claims contradict her testimony during the plea hearing, under oath, I find them to be "palpably incredible" so as to warrant summary dismissal.

In any event, Wolfe's allegations fail to state any claim under the *Strickland*/*Hill* standard that counsel was constitutionally ineffective in advising Wolfe to accept the plea agreement. Wolfe fails to demonstrate that the missing tape recording was critical to the government's case or that the absence of her voice on another tape recording would have proven her innocence in the face of other evidence and/or testimony the government could have offered against her at trial. Wolfe also fails to demonstrate how counsel could have proven that alleged discrepancies in drug weight and quantity were sufficient to warrant an acquittal or even a lower sentence. Indeed, Wolfe fails to offer any details whatsoever about the alleged discrepancies. Moreover, by pleading guilty with a stipulation as to drug amount, Wolfe achieved a lower base offense level on the conspiracy account and gained an additional three-

point reduction for acceptance of responsibility and dismissal of two other charges.[4] She simply has not shown a reasonable probability that absent counsel's alleged errors, she would have rejected these plea bargain benefits and insisted on proceeding to trial with its increased risk for a higher sentence.

As I find no ineffective assistance, I also find that Wolfe fails to offer any reason that her plea agreement waiver of her right to bring this action is invalid in any respect. Therefore, I will grant the Motion to Dismiss her claims as waived, pursuant to her plea agreement.

A separate Final Order will be entered herewith.

DATED: November 15, 2007

/s/ JAMES P. JONES
Chief United States District Judge

---

[4] According to the Presentence Report, if Wolfe had been convicted at trial, the government could have presented evidence that she should be held responsible for more than four grams of crack, which would have placed her Base Offense level at 24. With no points for acceptance of responsibility and her Criminal History Category of V, her guidelines sentencing range could have been 92 to 115 months imprisonment.

- 10 -

Case 7:07-cv-00249-JPJ-mfu   Document 8   Filed 11/15/07   Page 10 of 10   Pageid#: 77